IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

K-SWISS, INC.,

    Plaintiff,

v.

PAYLESS SHOESOURCE, INC.,

    Defendant.

Civil Action No. 05-11132-JLT

## OPPOSITION TO K-SWISS' SECOND MOTION TO COMPEL TESTIMONY

Mercury International Trading Corporation ("Mercury") and its non-officer employee Lori Souza (both non-parties to the underlying lawsuit) hereby oppose the motion by K-Swiss to compel the testimony of Lori Souza. Mercury and Ms. Souza also separately seek a motion for protective order limiting K-Swiss to taking Ms. Souza's deposition after K-Swiss' pending motion to compel against Mercury has been resolved and after documents have been produced by Mercury.

Neither Mercury, nor its employee Ms. Souza, are parties to the underlying trademark action between K-Swiss, Inc. and Payless Shoesource, Inc. K-Swiss has subpoenaed document production from Ms. Souza personally and from Mercury[1] and has also subpoenaed the testimony of Ms. Souza personally. A timely objection to these subpoenas was made under Fed. R. Civ. P. 45(c).[2] Under an agreement proposed by Mercury in later discussions (and rejected by K-Swiss), Mercury would have produced documents on May 20 and Ms. Souza would have appeared for deposition on June 3. After K-Swiss would not agree to limit Mercury's production

---

[1] The overly broad and unduly burdensome subpoena was served on both Mercury and Ms. Souza and is the subject of K-Swiss' motion to compel documents from Mercury.

[2] See Ex. B to the Declaration of Louis R. Rotella (filed with Mercury's Opposition to K-Swiss' Motion to Compel production of documents).

obligation to documents relevant to the underlying lawsuit Mercury indicated that it would not produce documents until the Court had ruled on K-Swiss' pending motion to compel document production. Despite the lack of documents (and lack of subject matter for her testimony) K-Swiss demanded that Ms. Souza appear for deposition on June 3 anyway; K-Swiss also then indicated that it would want to re-depose her after documents were produced and may seek a 30(b)(6) witness from Mercury as well.

Mercury stressed to K-Swiss that it was a non-party to the underlying action and should not be required to go through multiple phases of document production and witness depositions and, that since K-Swiss wanted to depose someone after receiving documents, that it would be proper to hold the deposition after the Court had determined the proper scope of the subpoena and Mercury had completed its document production. K-Swiss refused to agree, demanded that Ms. Souza appear for deposition on June 3, and filed the present motion to compel Ms. Souza's testimony. To the extent K-Swiss demands that Ms. Souza appear for deposition more than once Mercury and Ms. Souza oppose that motion, and have also filed a motion for protective order to limit the burden and disruption to Mercury and Ms. Souza by only allowing Ms. Souza's deposition after the scope of Mercury's production obligation has been determined and Mercury has produced its documents.

To the extent K-Swiss moves that Ms. Souza be compelled to produce documents under the subpoena, Mercury and Ms. Souza oppose that motion because (1) the subpoena is unduly broad and overly burdensome as described fully in Mercury's Opposition to K-Swiss' Motion to

Compel production of documents,[3] and (2) Ms. Souza is not in control of any documents requested in the subpoena.

## ARGUMENT

### I. Ms. Souza Should Not Be Subject to More Than One Deposition.

Mercury (nor its employee Ms. Souza) is not a party to the underlying trademark suit between K-Swiss and Payless, but is rather one of many footwear buying agents (i.e. suppliers) to Payless.[4]  Although Mercury is a non-party to the underlying action, K-Swiss has felt it necessary to serve Mercury (and its employee) with improperly broad subpoenas and unnecessary demands for multiple depositions.  K-Swiss' demands for invasive document production and multiple rounds of depositions are inappropriate for a non-party.  K-Swiss' motion to compel multiple depositions of Ms. Souza (or any Mercury employee) should be denied.

As a non-party to the underlying action Ms. Souza should not have to go through multiple rounds of discovery as if she were a party.  See Blount Intern., Ltd. v. Schuylkill Energy Resources Inc., 124 F.R.D. 523, 526 (D. Mass. 1989) ("[w]hile discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (internal citations omitted); ; cf. Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 338-39 (N.D. Cal. 1995) (granting a protective order and ordering that discovery from a non-party be limited to "information sought which

---

[3] To conserve judicial resources Mercury and Ms. Souza do not repeat the briefing on this issue but respectfully direct the Court's attention to Mercury's Opposition and the accompanying papers (filed May 31, 2005) and incorporate them by reference.

[4] Rotella Dec. ¶ 2.

cannot be derived in any other fashion" and ordering that non-party should be compensated for its time spent responding to discovery).

Ms. Souza has no objections to appearing for a deposition, but she should not be subject to multiple one-way depositions at the hands of K-Swiss. Ms. Souza and her employer Mercury are "powerless to control the scope of litigation and discovery" and should not be required to engage in multiple discovery rounds as if they were parties to the underlying suit. Cf. United States v. Columbia Broadcasting Sys., 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses…should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

Ms. Souza should only have to appear for a deposition once. The proper time to depose Ms. Souza is after the scope of Mercury's discovery obligation has been determined by the Court and Mercury has produced the documents in its possession. Ms. Souza should not have to appear for a deposition now, only to be re-deposed by K-Swiss when it has received documents from Mercury.

**II.      Ms. Souza Should Not Be Compelled to Produce Documents Under the Subpoena.**

    A.      The Subpoena Is Overly Broad and Unduly Burdensome

The overbroad nature of the K-Swiss' subpoena served on both Mercury and Ms. Souza has been argued at length in Mercury's Opposition to K-Swiss' Motion to Compel production of documents and accompanying papers, filed May 31, 2005. For judicial efficiency, and to avoid repeating arguments, Mercury and Ms. Souza incorporate by reference the discussion of the overbroad nature of the subpoena contained in those papers.

902833.1                                         4

B.     Ms. Souza Is Not In Control Of Documents Responsive To the Subpoena

The present motion by K-Swiss asks the Court to compel Ms. Souza, as an individual, to produce documents demanded in the subpoena. The subpoena was served on Ms. Souza personally yet contains document requests such as:

> 6. All Documents and tangible Things containing sales information Relating To Payless.
>
> * * *
>
> 8. All Documents and tangible Things containing financial information Relating To Payless.
>
> * * *
>
> 12. All Documents and tangible Things Relating To shoe designs for Payless.

Ms. Souza is not personally a supplier to Payless—she is an employee of Mercury who is a supplier to Payless. Any documents Ms. Souza would have relating to any of the topics of the subpoena she would have as a result of her employment with Mercury and those documents are under Mercury's control. To obtain them K-Swiss must go through Mercury, which it has already attempted to do; that attempt is now the subject of a pending motion before this Court. K-Swiss' motion to compel document production by Ms. Souza should be denied as she cannot be compelled to produce items outside of her control.

> In order to properly command a nonparty to produce documents for inspection and copying, it must appear that the documents subpoenaed are within the control of the nonparty witness. Therefore, even if a district court has personal jurisdiction over the nonparty witness, the court may not compel production of documents over which the witness does not have control.

Highland Tank & Mfg. Co. v. PS Intern., Inc., --- F.R.D. ---- [full cite not yet available], 2005 WL 1076137, at *4 (W.D. Pa. Feb. 15, 2005).

**CONCLUSION**

For the above reasons, K-Swiss motion to compel testimony and document production from Lori Souza should be denied.

Respectfully submitted,

MERCURY INTERNATIONAL TRADING CORP.
and LORI SOUZA

By their counsel,

Dated: June 2, 2005        /s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Ilan N. Barzilay, BBO # 643978
ibarzilay@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000