IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K-SWISS, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC.,<br><br>      Defendant. | Civil Action No. 05-11132-JLT |

**MOTION FOR PROTECTIVE ORDER BY
NON-PARTIES MERCURY AND LORI SOUZA**

Pursuant to Fed. R. Civ. P. 26(c) Mercury International Trading Corporation ("Mercury") and its non-officer employee Lori Souza (both non-parties to the underlying lawsuit) hereby move this Court for an order protecting Ms. Souza from being deposed by K-Swiss until Mercury has produced documents pursuant to the Court's determination of the proper scope of K-Swiss' subpoena in the pending motion to compel production of documents from Mercury.

Neither Mercury, nor its employee Ms. Souza, are parties to the underlying trademark action between K-Swiss, Inc. and Payless Shoesource, Inc. K-Swiss has subpoenaed document production from Ms. Souza personally and from Mercury[1] and has also subpoenaed the testimony of Ms. Souza personally. A timely objection to these subpoenas was made under Fed. R. Civ. P. 45(c).[2] Under an agreement proposed by Mercury in later discussions (and rejected by K-Swiss), Mercury would have produced documents on May 20 and Ms. Souza would have appeared for deposition on June 3. After K-Swiss would not agree to limit Mercury's production

---

[1] The overly broad and unduly burdensome subpoena was served on both Mercury and Ms. Souza and is the subject of K-Swiss' motion to compel documents from Mercury.

[2] See Ex. B to the Declaration of Louis R. Rotella (filed with Mercury's Opposition to K-Swiss' Motion to Compel production of documents).

obligation to documents relevant to the underlying lawsuit Mercury indicated that it would not produce documents until the Court had ruled on K-Swiss' pending motion to compel document production.  Despite the lack of documents (and lack of subject matter for her testimony) K-Swiss demanded that Ms. Souza appear for deposition on June 3 anyway; K-Swiss also then indicated that it would want to re-depose her after documents were produced and may seek a 30(b)(6) witness from Mercury as well.

Mercury stressed to K-Swiss that Mercury and Ms. Souza are non-parties to the underlying action and should not be required to go through multiple phases of document production and witness depositions and, that since K-Swiss wanted to depose someone after receiving documents, that it would be proper to hold the deposition after the Court had determined the correct scope of the subpoena and Mercury had completed its document production.  K-Swiss refused to agree, demanded that Ms. Souza appear for deposition on June 3 and filed a motion to compel Ms. Souza's testimony.  Mercury and Ms. Souza oppose that motion, but also file this motion for protective order to prevent K-Swiss from taking multiple depositions of Ms. Souza and to protect Ms. Souza from deposition until after Mercury has produced documents pursuant to the Court's determination of the proper scope of the subpoena to Mercury.

**ARGUMENT**

Mercury is not a party to the underlying trademark suit between K-Swiss and Payless, but is rather one of many footwear buying agents (i.e. suppliers) to Payless.[3]  Although Mercury is a non-party to the underlying action, K-Swiss has felt it necessary to serve Mercury (and its employee) with improperly broad subpoenas and unnecessary demands for multiple depositions.

---

[3] Rotella Dec. ¶ 2.

**902718.1**                                                          2

K-Swiss' demands for invasive document production and multiple rounds of depositions are inappropriate for a non-party.

"Upon motion by a party or by the person from whom discovery is sought ... the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(e).  Mercury and Ms. Souza should be protected from K-Swiss' demands for multiple depositions of Ms. Souza.

As a non-party to the underlying action Ms. Souza should not have to go through multiple rounds of discovery as if she were a party.  See Blount Intern., Ltd. v. Schuylkill Energy Resources Inc., 124 F.R.D. 523, 526 (D. Mass. 1989) ("[w]hile discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (internal citations omitted); cf. Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 338-39 (N.D. Cal. 1995) (granting a protective order and ordering that discovery from a non-party be limited to "information sought which cannot be derived in any other fashion" and ordering that non-party should be compensated for its time spent responding to discovery).

Ms. Souza has no objections to appearing for a deposition, but she should not be subject to multiple one-way depositions at the hands of K-Swiss.  Ms. Souza and her employer Mercury are "powerless to control the scope of litigation and discovery" and should not be required to engage in multiple discovery rounds as if they were parties to the underlying suit.  Cf. United States v. Columbia Broadcasting Sys., 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses…should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

K-Swiss complains that it is running up against a discovery deadline, but any fault for discovery delays lie with K-Swiss as it was K-Swiss who demanded production under an unreasonable subpoena, K-Swiss who would not agree to Mercury's proposal to limit production to relevant documents, K-Swiss who filed the motion to compel against Mercury and K-Swiss who demanded multiple depositions of Ms. Souza. Ms. Souza should only have to appear for a deposition once. The proper time to depose Ms. Souza is after the scope of Mercury's discovery obligation has been determined by the Court and Mercury has produced the documents in its possession. Ms. Souza should not have to appear for a deposition now, only to be re-deposed by K-Swiss when it has received documents from Mercury.

## CONCLUSION

For the above reasons Mercury and K-Swiss respectfully request the Court order the deposition of Lori Souza to take place after Mercury has produced documents pursuant to the proper scope of K-Swiss' subpoena to Mercury, as determined by this Court.

Respectfully submitted,
MERCURY INTERNATIONAL TRADING CORP.
and LORI SOUZA

By their counsel,

Dated: June 2, 2005

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Ilan N. Barzilay, BBO # 643978
ibarzilay@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000